# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVON LAMONT MILLER,

    Petitioner,                                     Civil Action No. 20-12625

v.                                                HONORABLE MARK A. GOLDSMITH
                                                   UNITED STATES DISTRICT JUDGE

MATT MACAULEY,

    Respondent.
_____/

## OPINION & ORDER
## (1) HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1), (2) ADMINISTRATIVELY CLOSING THE CASE, AND (3) DENYING RESPONDENT'S MOTION FOR A STAY (Dkt. 4) AS MOOT

Davon Lamont Miller, ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner in his application challenges his convictions for two counts of armed robbery, Mich. Comp. Laws § 750.529; one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2); one count of carrying a weapon with unlawful intent, Mich. Comp. Laws § 750.226, and one count of possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b (Dkt. 1).

Respondent has filed a motion to hold the case in abeyance while Petitioner completes post-conviction proceedings in the state courts (Dkt. 4), while he is exhausting all of the claims contained in his petition. The Court will hold the petition in abeyance and stay the proceedings under the terms outlined below in the opinion to permit Petitioner to complete his post-conviction proceedings in the state court courts, failing which the petition shall be dismissed without

prejudice. The Court will also administratively close the case. Finally, because the Court grants the relief sought in Respondent's motion sua sponte, the motion will be denied as moot.

## I. BACKGROUND

Petitioner was convicted of the offenses described above following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. People v. Miller, No. 335738, 2018 WL 1936018 (Mich. Ct. App. Apr. 24, 2018), leave denied, 919 N.W. 2d 254 (Mich. 2018).

Petitioner filed his petition for writ of habeas corpus on September 24, 2020, seeking habeas relief on six grounds, including a claim that appellate counsel was ineffective for failing to raise Petitioner's first five claims on his appeal of right. By his own admission, Petitioner's claims have yet to be exhausted because his appellate counsel failed to raise the issues on Petitioner's appeal of right. Pet. at PageID.50-52 (Dkt. 1).

Respondent has moved to hold the case in abeyance during the pendency of Petitioner's post-conviction proceedings, in which he attempts to exhaust these claims. Petitioner filed a post-conviction motion for relief from judgment, which was denied. People v. Miller, No. 16-005653-01 (Wayne County Circuit Court, June 30, 2020) (Dkt. 4-1 at PageID.136). The trial court denied reconsideration on October 13, 2020. People v. Miller, No. 16-005653-01 (Wayne County Circuit Court, Oct. 13, 2020) (Dkt. 4-1 at PageID.136). Petitioner's application for leave to appeal is currently pending in the Michigan Court of Appeals.

## II. DISCUSSION

The instant petition is subject to dismissal because Petitioner, by his own admission, has failed to exhaust his claims with the state courts.

2

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). See Picard v. Connor, 404 U.S. 270, 275–278 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. See Wagner v. Smith, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. Id. Federal district courts must dismiss habeas petitions which contain unexhausted claims. See Pliler v. Ford, 542 U.S. 225, 230 (2004). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. See Sitto v. Bock, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner's habeas application is subject to dismissal because none of his claims was exhausted on his appeal of right. Petitioner's appeal from the denial of his post-conviction motion for relief from judgment remains pending in the Michigan Court of Appeals. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; see also Nasr v. Stegall, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Because Petitioner failed to complete the appellate process for his post-conviction motion, he has failed to satisfy the exhaustion requirement. See, e.g. Paffhousen v. Grayson, 238 F. 3d 423 (Table), No. 2000 WL 1888659, *2 (6th Cir. Dec. 19, 2000) (holding that a petitioner had failed to fairly present

his claims in his Rule 6.500 motion, when he failed to appeal the denial of the motion to the Michigan Court of Appeals and the Michigan Supreme Court). A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. Juliano v. Cardwell, 432 F. 2d 1051, 1051 (6th Cir. 1970). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has failed to exhaust his state court remedies. See Cox v. Cardwell, 464 F. 2d 639, 644–645 (6th Cir. 1972).

The Court is concerned that the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. 269, 278 (2005). A habeas petition can be held in abeyance while a habeas petitioner's post-conviction appeal remains pending in the state appellate courts. See, e.g., Pillette v. Berghuis, 630 F. Supp. 2d 791, 795 (E.D. Mich. 2009), aff'd in part, rev'd in part on other grounds, 408 F. App'x 873 (6th Cir. 2010).

Petitioner's claims do not appear to be "plainly meritless." Wagner, 581 F. 3d at 419. Further, Petitioner asserts that he did not raise these claims in the state courts due to the ineffective assistance of appellate counsel. Id., at 419, n.4. Petitioner also has good cause for failing to raise

4

his ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. See Guilmette v. Howes, 624 F. 3d 286, 291 (6th Cir. 2010). It does not appear that Petitioner has engaged in "intentionally dilatory tactics." Lastly, the mere fact that all of Petitioner's claims are unexhausted does not prevent this Court from holding his petition in abeyance. See Robinson v. Horton, 950 F.3d 337, 347 (6th Cir. 2020).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner has already fulfilled his first obligation, which is to present his claims in state court. See id. He must continue to litigate his claims in the Michigan courts in accordance with those courts' deadlines.

Finally, Petitioner must ask this Court to lift the stay within 60 days of exhausting his state court remedies. Id. If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed. Palmer, 276 F.3d at 781.

### III. CONCLUSION

Accordingly, the petition for writ of habeas corpus (Dkt. 1) shall be held in abeyance pending the completion of Petitioner's state application for post-conviction review. This tolling is conditioned upon Petitioner re-filing his habeas petition under the same case number and the same case caption within 60 days after the conclusion of his state court post-conviction proceeding

in the state courts. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See Sitto, 207 F. Supp. 2d at 677.

It is further ordered that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Finally, Respondent's motion (Dkt. 4) is denied as moot.

SO ORDERED.

Dated: April 29, 2021                         s/Mark A. Goldsmith
       Detroit, Michigan                     MARK A. GOLDSMITH
                                                      United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2021.

                                                      s/Karri Sandusky
                                                      Case Manager