UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVON LAMONT MILLER,

      Petitioner,                       Civil Action No. 20-CV-12625

                                                    HON. MARK A. GOLDSMITH
v.

MATT MACAULEY,

      Respondent,

_____/

**OPINION & ORDER
DENYING PETITIONER'S MOTION TO LIFT THE STAY (Dkt. 6)**

Petitioner Davon Lamont Miller filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his state court convictions for two counts of armed robbery, Mich. Comp. Laws § 750.529; one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2); one count of carrying a weapon with unlawful intent, Mich. Comp. Laws § 750.226; and one count of possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b (Dkt. 1). The Court held the petition in abeyance so that Petitioner could complete his post-conviction proceedings in the state court courts to exhaust all of the claims contained in the petition. The Court administratively closed the case. Miller v. Macauley, No. CV 20-12625, 2021 WL 1696397 (E.D. Mich. Apr. 29, 2021).

Petitioner has now filed a motion to lift the stay and to reopen the habeas petition, claiming that exhaustion of state court remedies should be excused because of the inordinate delay by the state courts in adjudicating his claims (Dkt. 6). For the reasons that follow, the Court denies the motion.

## I. BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal.  People v. Miller, No. 335738, 2018 WL 1936018 (Mich. Ct. App. Apr. 24, 2018), leave denied, 919 N.W.2d 254 (Mich. 2018).

Petitioner filed his petition for writ of habeas corpus on September 24, 2020, seeking habeas relief on six grounds, including a claim that appellate counsel was ineffective for failing to raise Petitioner's first five claims on his appeal of right.  By his own admission, Petitioner's claims have yet to be exhausted because his appellate counsel failed to raise the issues on Petitioner's appeal of right.  Pet. at PageID. 50–52 (Dkt. 1).

On January 6, 2020, Petitioner filed a post-conviction motion for relief from judgment, which was denied.  People v. Miller, No. 16-005653-01 (Wayne County Circuit Court, June 30, 2020) (Dkt. 4-1 at PageID.136).  The trial court denied reconsideration on October 13, 2020. People v. Miller, No. 16-005653-01 (Wayne County Circuit Court, Oct. 13, 2020) (Dkt. 4-1 at PageID.136).  Petitioner's application for leave to appeal was pending in the Michigan Court of Appeals when he filed his petition in this Court.  Respondent moved to stay the petition during the pendency of the proceedings in state court.  This Court granted the motion, stayed the petition, and administratively closed the case.

## II. ANALYSIS

In his motion to lift the stay, Petitioner states that on May 20, 2021, the Michigan Court of Appeals vacated the trial court's decision and remanded the matter back to the Wayne County Circuit Court for further proceedings. Mot. at PageID.144 (citing People v. Miller, 2021 Mich. App. LEXIS 3321 (Mich. Ct. App. May 20, 2021)).  According to the Wayne County Circuit Court's website, on remand, the prosecutor's office filed an answer to the motion for relief from

judgment on October 27, 2021.  People v. Miller, No. 16-005653-01 (Wayne County Circuit Court).[1]  Petitioner asks this Court to reopen the case and excuse exhaustion on the ground that his post-conviction motion has been sitting in the state courts for 20 months.  Petitioner argues that this inordinate delay justifies this Court in excusing exhaustion in this case.

An inordinate delay in adjudicating state court claims may excuse the exhaustion of state court remedies, especially when the state is responsible for the delay.  See Workman v. Tate, 957 F.2d 1339, 1344 (6th Cir. 1992).  Moreover, a habeas petitioner who makes "frequent but unavailing requests to have his appeal processed" in the state courts is "not required to take further futile steps in state court in order to be heard in federal court," even if the state court subsequently decides his appeal.  Turner v. Bagley, 401 F.3d 718, 726 (6th Cir. 2005).  Petitioner, however, has failed to show that there has been an inordinate delay in the processing of his state post-conviction motion.

In Workman, the Sixth Circuit held that a habeas petitioner's failure to exhaust his state post-conviction remedies would be excused where the petitioner's motion for post-conviction relief "languished" in the state courts for more than three years without the state court making a decision.  957 F.2d at 1344.  Likewise, in Turner, the Sixth Circuit concluded that a habeas petitioner should have been excused from the exhaustion requirement no later than when petitioner's direct appeal was dismissed for failure to prosecute, given that such failure could have been attributed only to the petitioner's appointed attorneys and state.  401 F.3d at 725–726.  In that case, the state court of appeals failed to ensure timely representation, continually postponed

---

[1] Public records and government documents, including those available from reliable sources on the internet, are subject to judicial notice.  See Daniel v. Hagel, 17 F. Supp. 3d 680, 681 n.1 (E.D. Mich. 2014); United States ex. rel. Dingle v. BioPort Corp., 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

petitioner's appeal, allowed four different attorneys to withdraw from the case without filing briefs, and allowed the petitioner's appeal to remain on docket for nearly 11 years without meaningful attention.  Id.

By contrast, Petitioner's case has not languished for years in the state courts without any meaningful attention.  Petitioner filed his post-conviction motion on January 6, 2020.  The trial judge denied the motion only five months later, on June 20, 2020.  Petitioner chose to file a motion for reconsideration, which was denied on October 13, 2020.  Petitioner filed an appeal with the Michigan Court of Appeals, and only seven months later, the Michigan Court of Appeals granted Petitioner relief and remanded the matter to the trial court for further proceedings.  The prosecutor's office recently filed an answer to the motion, and it appears that the case is ready for adjudication.  Because Petitioner's case has not languished for years in the state courts without any attention, this case is unlike Workman and Turner.

The rulings on Petitioner's post-judgment motion by the trial judge and the Michigan Court of Appeals distinguish this case from those in which the Sixth Circuit has held that there was an inordinate delay in adjudicating a state court appeal or post-conviction motion that excused exhaustion.  In Turner, the Sixth Circuit recognized that an intervening decision on the merits by the state court before the federal court decided whether exhaustion was excused would affect whether the remaining state court remedy would be adequate and effective.  401 F.3d at 725 (citing Carpenter v. Young, 50 F.3d 869, 871 (10th Cir. 1995) ("On remand, if petitioner's direct criminal appeal has not yet been decided, then the district court should excuse exhaustion . . . "); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986) ("[R]elief is not indicated here . . . Schandelmeier's post-trial motions have been adjudicated during the pendency of this appeal.")). The Sixth Circuit reached the same conclusion in Tinsley v. O'Dea, No. 97-5419, 1998 WL

4

124045, at *3 (6th Cir. Mar. 12, 1998), stating, "[T]he parties have informed this court that, during the pendency of this appeal, the Lincoln Circuit Court denied Tinsley's motion for post-conviction relief . . . .  In light of this recent activity, and acting upon the assumption that the Kentucky Court of Appeals will act promptly, we are prepared to conclude that the district court did not err in determining that federal intervention at this time would be premature."

Petitioner's case has not remained idle in the state courts for years without adjudication. Petitioner has been provided meaningful attention to his state post-conviction motion in this case. In light of the fact that both the state trial and appellate courts have adjudicated Petitioner's post-conviction motion in a prompt fashion, excusing exhaustion at this time would be premature.

### III. CONCLUSION

For the reasons given above, the Court denies Petitioner's motion to lift the stay (Dkt. 6).

SO ORDERED.

Dated: December 27, 2021                    s/Mark A. Goldsmith
      Detroit, Michigan                    MARK A. GOLDSMITH
                                     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 27, 2021.

                                       s/Karri Sandusky
                                       KARRI SANDUSKY
                                       Case Manager